ESTATE OF FLOYD D. ALDEN, DECEASED, MIRIAM P. ALDEN, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Alden v. Commissioner
Docket No. 3530-79.
United States Tax Court
T.C. Memo 1982-183; 1982 Tax Ct. Memo LEXIS 559; 43 T.C.M. (CCH) 1026; T.C.M. (RIA) 82183; April 12, 1982. Miriam P. Alden (executrix), for the petitioner. William S. Miller, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $ 6,106 in petitioner's Federal estate tax. After concessions, the issue for decision is whether petitioner is entitled to miscellaneous *560 deductions under section 2053(a)[1] in excess of the amounts allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The decedent, Floyd D. Alden, died on October 14, 1974. The executrix of his estate, Miriam P. Alden (hereinafter Miriam), resided in Bath, New York, when the petition in this case was filed. Petitioner filed its Federal estate tax return with the Internal Revenue Service Center, Andover, Massachusetts. When the decedent died, he owned, among other things, two parcels of real property upon which residential structures were situated. One parcel is located in Bath, New York, and the other is located in Rochester, New York. These parcels of real property and the residences located thereon were inherited by Miriam, the decedent's daughter and the executrix of his estate. Miriam grew up at the Rochester residence. In 1958, shortly before the death of her mother, Miriam moved from New York City back to the Rochester residence where she resided until 1967, when she moved to the Bath residence. Since that time, the Bath residence *561 has been Miriam's principal residence, although she has intermittently resided at the Rochester residence. Since the death of her father, Miriam has never contemplated selling either the Bath or Rochester residence. On October 28, 1974, Miriam Alden filed a petition with the Surrogate's Court, County of Steuben, State of New York, alleging that she was nominated as executrix in a will of the decedent executed on June 28, 1974. On November 27, 1974, John E. Alden (hereinafter John), the son of the decedent, filed a petition with the Surrogate Court alleging that the last will and testament of the decedent was executed on April 16, 1951. John E. Alden objected to the probate of the instrument dated June 28, 1974, as the last will and testament of the decedent upon the grounds that the will was not duly executed as required by law, that the decedent lacked the capacity to make a will at that time, and that the execution of the alleged will was obtained by fraud or undue influence. Under the 1974 will, John received a legacy of $ 5,000, while Miriam inherited the bulk of decedent's estate, including both the Bath and Rochester residences. The prior will, however, would have made *562 certain minor bequests, devised the Rochester residence to Miriam, and divided the residue of the estate equally between John and Miriam. On February 14, 1975, Security Trust Company of Rochester, New York (hereinafter Security Trust), was appointed temporary administrator of the decedent's estate by order of the Steuben County Surrogate Court. After protracted negotiations, the parties agreed to a compromise of their respective claims, and the Surrogate Court entered an order approving the terms of the compromise agreement in January 1978. Upon the settlement of the will contest, all objections to probate of the decedent's 1974 will were withdraw. On January 19, 1979, Miriam was issued letters testamentary as executrix and the decedent's 1974 will was admitted to probate. Under the compromise agreement, the will contest was settled by causing, among other things, the following distributions in full satisfaction of their legacies under the decedent's 1974 will: $ 1,000 to Armanda Alden; $ 2,000 to Bonnie Louise Alden Smith; $ 2,000 to Karen Ann Alden Marinovich. In addition, John received $ 30,250 in full compromise of his claims. Miriam has not obtained a court order authorizing *563 or approving the payment of executrix fees in connection with the decedent's estate, nor does she intend to claim executrix fees. On its estate tax return, petitioner claimed deductions for attorneys' fees and executrix's commissions of $ 25,000 and $ 6,500, respectively. In the notice of deficiency, respondent disallowed these deductions on the grounds that petitioner had failed to establish that such expenses had been or would be paid. Furthermore, respondent determined that petitioner was not entitled to the following additional expense deductions claimed in a protest filed by petitioner. Expense Item
Deduction Claimed
Real estate taxes, repairs, and utilities -
Bath residence [2]
$ 5,445.85
Real estate taxes, repairs, and utilities -
Rochester residence [2]
6,565.62
Additional Surrogate Court expense
189.50
New York gift tax
2,737.26
Federal gift tax
7,200.00
Monument
165.00
Books and pamphlets
265.45
Will contest settlement [3]
35,250.00
Total
$ 57,818.68
*564 Respondent disallowed these deductions on the grounds that petitioner failed to establish that the expenses had been or would be paid or that the expenses were incurred for the benefit of the decedent's estate. Respondent has since conceded that petitioner is entitled to the following deductions: Expense Item
Amount Deductible
Temporary administrator's fees
$ 3,000.00
Books and pamphlets
Lawyers Cooperative
$ 148.48
West Publishing Company
97.01
Subtotal
245.49
Additional Surrogate Court expense
155.50
Attorneys' fees
Henry Hille, Esq.
16,010.30
Henry Scudder, Esq.
700.00
Attorneys' fees for
Security Trust
1,250.00
Subtotal
17,960.30
Monument
165.00
Total
$ 21,526.29
OPINION Section 2053(a) provides, in part, for a deduction from the gross estate for funeral expenses, administration expenses, and claims against the estate as are allowable by the laws of the jurisdiction under which the estate is being administered. Respondent has allowed petitioner to deduct certain expenses as set forth in our findings of fact. *565 The burden of proof is upon petitioner to establish that it is entitled to deductions in excess of those allowed by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. On the record before us, petitioner has not satisfied its burden of proof. Petitioner claimed a deduction of $ 35,250 for the distributions made pursuant to the settlement of the will contest. Respondent, however, contends that such distributions are not deductible under section 2053(a) because they constituted distributions to beneficiaries and not creditors of the decedent's estate. We agree. To be deductible under section 2053(a), a claim must represent a creditor's claim against the estate rather than a beneficiary's claim to a distributive interest in the estate. Estate of Lazar v. Commissioner,58 T.C. 543, 552-553 (1972). It is clear that the compromise agreement provided for a distribution of $ 30,250 to John in order to settle his claim to a larger share in the estate under the will executed by the decedent in 1951. *566 Furthermore, the distributions made to Armanda Alden, Bonnie Louise Alden Smith, and Karen Ann Alden Marinovich simply represented the payment to them of their legacies as set forth in the decedent's 1974 will. Since these distributions were made with respect to claims for a share in the estate and not with respect to claims against the estate arising from transactions with the decedent, petitioner is not entitled to any deduction therefor. Furthermore, petitioner is not entitled to deduct any of the payments made for real estate taxes, repairs, and utilities for the Bath and Rochester residences. First, section 2053(c)(1)(B), provides that the estate is not entitled to deduct property taxes accruing after the death of the decedent, and the record shows that the real estate taxes paid by petitioner accrued after the decedent's death. Second, Miriam inherited both pieces of property and resided thereon both before and after the decedent's death. The record indicates that she has no intention of selling either piece of property, but rather intends to continue using them for residential *567 purposes. Section 20.2053-3(a), Estate Tax Regs., limits the deduction for administration expenses to expenses "actually and necessarily incurred in the administration of the decedent's estate." Under the circumstances, however, we must conclude that the expenditures for repairs and utilities were made for Miriam's benefit. Petitioner has not established that these expenditures were either allowable under New York law or necessary for the proper administration of the estate. [4] See Estate of Posen v. Commissioner,75 T.C. 355 (1980), on appeal (2d Cir., June 29, 1981). *568 Although respondent has allowed petitioner a deduction of $ 3,000 for temporary administrator's fees, petitioner insists that it is entitled to a deduction of $ 6,500 for executrix's commissions. Section 20.2053-3(b)(1), Estate Tax Regs., provides: The executor or administrator, in filing the estate tax return, may deduct his commissions in such an amount as has actually been paid, or in an amount which at the time of filing the estate tax return may reasonably be expected to be paid, but no deduction may be taken if no commissions are to be collected.[Emphasis added.] Miriam has not obtained a court order authorizing the payment of executrix fees, nor does she intend to claim executrix fees. Consequently, petitioner is not entitled any deduction therefor. See Estate of Dutcher v. Commissioner,34 T.C. 918, 926-927 (1960). With respect to the remaining deductions in issue, [5] aside from the amounts allowed by respondent, petitioner has failed to present any evidence to support the claimed deductions. Accordingly, petitioner is only entitled to the claimed *569 deductions to the extent allowed by respondent. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. All such payments were made for liabilities that accrued or were incurred after the date of the decedent's death. ↩
3. The deduction claimed for this item is attributable to the payments made by the decedent's estate to John, Armanda Alden, Bonnie Louise Alden Smith, and Karen Ann Alden Marinovich pursuant to the settlement of the will contest.↩
4. Sec. 20-2053-3(d)(1)↩, Estate Tax Regs., states that "[e]xpenses necessarily incurred in preserving and distributing the estate are deductible, including the cost of storing or maintaining property of the estate, if it is impossible to effect immediate distribution to the beneficiaries." While the will contest may have prevented the distribution of the Bath and Rochester residences to Miriam, petitioner has offered no evidence to show that any of these expenditures were necessary for the maintenance of the properties for the estate. Rather, the record indicates that these expenditures were made simply to allow Miriam to continue to utilize both properties for residential purposes.
5. Attorneys' fees, additional Surrogate Court expense, books and pamphlets expense, and Federal and New York gift taxes.↩